JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Robert Larkins, appeals his convictions for drug trafficking and drug possession. After a thorough review of the arguments and for the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On February 15, 2005, appellant and co-defendant, Conley Conway, were indicted on two counts of drug trafficking, in violation of R.C. 2925.03, a felony in the first degree, and one count of drug possession, in violation of R.C. 2925.11, a felony in the first degree. Each of the charges carried firearm specifications, in violation of R.C. 2941.141 and R.C. 2941.145. Appellant was also separately indicted for aggravated burglary, in violation of R.C. 2911.11, a felony in the first degree; carrying a concealed weapon, in violation of R.C. 2923.12, a misdemeanor in the first degree; and possession of criminal tools, in violation of R.C. 2923.24, a felony in the fifth degree. Appellant's charge of aggravated burglary carried firearm specifications, in violation of R.C. 2941.141 and R.C. 2941.145.
 {¶ 3} At his arraignment on March 2, 2005, appellant entered a plea of not guilty and opted for a jury trial, which commenced on October 11, 2005. After the jury deliberated, he was found guilty of two counts of drug trafficking and one count of drug possession, each felonies in the first degree, and not guilty of the remaining counts. Appellant was sentenced to three-year terms of incarceration, to be served concurrently.
 {¶ 4} The incident that gave rise to the charges against the appellant occurred on February 1, 2005. On that evening, Cleveland Police Detective Todd Clark was involved in a buy-bust operation with other police vice officers in the area of East 95th Street in the city of Cleveland. The operation was facilitated by the use of a confidential informant, who was aware that regular drug transactions occurred in the area. The informant was provided with "flash money" and was searched to ensure he did not have any contraband on his person before the operation took place. Police also outfitted the informant with an audio transmitting device that would record the transaction as it occurred.
 {¶ 5} After the informant was prepared for the transaction, Clark followed him to the place where the transaction was to take place. Clark testified that the informant made a call to Conway, who was the target. Soon after, Conway and appellant arrived at the target location in an SUV, which appellant was driving. The informant, Conway and appellant huddled close together so the transaction could take place. The informant exchanged the flash money with Conway for crack cocaine. Although flash money is normally not exchanged during a buy-bust operation, the informant felt that he needed to have the money exchange hands in order for the transaction to occur and to maintain his safety.
 {¶ 6} After the transaction took place, the informant returned to his car. Sensing police presence, appellant and Conway fled on foot towards East 93rd Street. Following the transaction, the police recovered 60 grams of crack cocaine from the informant.
 {¶ 7} After fleeing the scene of the transaction, appellant entered the apartment of Marla Smith, who lived on East 93rd Street. Smith testified that she was on the porch of her apartment the evening of the incident and saw two men run from the back of the house where her apartment is located. Upon passing her porch, the two men separated. Conway continued down East 93rd Street, and appellant followed Smith into her apartment. Smith testified that appellant appeared to be scared and stated that the police were following him.
 {¶ 8} Shortly after appellant entered Smith's apartment, the police arrived, and he was apprehended. Cleveland Police Sergeant Frederick Mone testified that he had followed appellant's footprints in the snow, which led directly to Smith's apartment. Appellant had two handguns in his possession at the time he entered Smith's home. Those handguns were later discovered in Smith's stairwell in a pair of boots. Smith testified that the handguns did not belong to her and that no one living at her residence owned a handgun.
 {¶ 9} Appellant brings this appeal asserting two assignments of error for our review:
 {¶ 10} "I. The trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction.
 {¶ 11} "II. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 12} Because appellant's assignments of error are substantially interrelated, they will be addressed together.
 {¶ 13} Appellant argues that the trial court erred when it denied his Crim.R. 29 motion for acquittal. More specifically, he asserts that the state provided insufficient evidence to support a conviction for drug trafficking. He further contends that, because of the insufficient evidence offered by the state, the jury's guilty verdict was against the manifest weight of the evidence.
 {¶ 14} Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486. A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982),457 U.S. 31, citing Jackson v. Virginia (1979), 443 U.S. 307.
 {¶ 15} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely
(1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230. On review, the appellate court must determine, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259; Jackson v. Virginia (1979),443 U.S. 307.
 {¶ 16} Sufficiency of the evidence is subjected to a different standard than is manifest weight of the evidence. Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. Cityof Cleveland (1948), 150 Ohio St. 303, 345.
 {¶ 17} The United States Supreme Court recognized the distinctions in considering a claim based upon the manifest weight of the evidence as opposed to sufficiency of that evidence. The court held in Tibbs v. Florida (1982),457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 752, that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43. Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983),20 Ohio App.3d 172, 485 N.E. 2d 717, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 18} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Martin at 720.
 {¶ 19} This court does not agree with appellant's contention that his conviction was unsupported by sufficient evidence and was against the manifest weight of the evidence. The trial court's denial of appellant's motion for acquittal and the jury's guilty verdict were based upon credible, direct and circumstantial evidence. On the evening of the incident, police observed the informant as he exchanged flash money for crack cocaine with the target. Cleveland Police Detective John Dlugolinski testified that as the transaction took place between the target and the informant, appellant stood in the immediate vicinity, making him a party to the transaction. Appellant not only facilitated the transaction with his presence, but because he was a party to the transaction, he was also in constructive possession of the narcotics exchanged between the target and informant. After the exchange was complete and police descended upon the scene, appellant and the target fled. Marla Smith testified that, as appellant fled from police, he ran into her apartment and told her that the police were after him. He also stored two handguns that were in his possession at the time of the transaction in a pair of boots on Smith's stairwell.
 {¶ 20} The circumstantial evidence in this case is equally as strong. Cleveland Police Sergeant Frederick Mone followed appellant's footprints in the snow, which led directly to Smith's apartment. Upon entering Smith's residence, Mone discovered that the man inside was the same individual he witnessed during the drug transaction.
 {¶ 21} It is clear from appellant's presence during the transaction and his actions immediately following it, that the state presented more than sufficient evidence to support the trial court's decision to deny the appellant's motion for acquittal. Similarly, when evaluating the evidence presented at trial, it is apparent that the jury's verdict was not against the manifest weight of the evidence. Accordingly, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J., concurs; McMonagle, J., dissents (With Separate Opinion).