{¶ 1} Defendant-appellant Deshawn Wilcox appeals his drug trafficking conviction. We reverse and remand.
 {¶ 2} Wilcox was indicted on drug trafficking with a schoolyard specification and possession of criminal tools. The case was tried to the court after Wilcox waived his right to a jury trial. At the conclusion of the State's case, the defense made a Crim. R. 29 motion for acquittal, which was denied. Wilcox testified on his own behalf. Wilcox renewed his Crim. R. 29 motion at the conclusion of his case, which the trial court again denied.
 {¶ 3} The court found Wilcox not guilty of possession of criminal tools. It found him guilty of trafficking in marijuana, but not guilty of the attendant schoolyard specification. The court sentenced him to an eight-month prison term.
 {¶ 4} At trial, Officer Frank Woyma testified that he received an assignment to investigate a complaint of drug activity in Barkwill Park, located in the city of Cleveland. Woyma set up surveillance in an undisclosed location in the park, and used binoculars to observe the following activity. Five men were on the basketball court. One of the men, Wilcox, was "aimlessly" riding his bicycle, doing figure eights from end-to-end of the court. An unknown male walked up to Antoine Williams, who was one of the five men. Wilcox then rode his bike to where the men were, and the unknown male handed Wilcox what *Page 2 
appeared to be money. Wilcox then rode off and Williams handed something to the unknown male. The unknown male ran across the street and was never apprehended by the police.
 {¶ 5} The police approached the group and ordered everyone in the group to stop, which they did. Williams threw something; marijuana was recovered from the area in which the item was thrown. Williams eventually admitted that the marijuana was his. Wilcox was arrested and $515 was recovered from his person.
 {¶ 6} Woyma testified that, in his experience investigating drug activity, Wilcox was acting like a "bank" in the alleged drug deal. Woyma explained that such a role is used so that the drugs and money can be kept separately, in the hope that if the drugs are seized, the money will not also be seized.
 {¶ 7} Wilcox denied being a "bank" for the alleged drug transaction or giving away marijuana. According to Wilcox, he had $515 on his person because he had just come from attempting to purchase a car, but the dealership was closed.
 {¶ 8} Wilcox presents three assignments of error for our review. In his first assignment of error, he contends that the evidence was insufficient for his drug trafficking conviction. We find this assignment of error dispositive. *Page 3 
 {¶ 9} Sufficiency is a question of law. State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541; State v. Smith,80 Ohio St.3d 89, 113, 1997-Ohio-355, 684 N.E.2d 668. If the State's evidence is found to have been insufficient as a matter of law, then on appeal, the court may reverse the trial court. Thompkins at paragraph three of the syllabus, citing Section 3(B)(3), Article IV, Ohio Constitution. The State would have failed its burden of production, and as a matter of due process, the issue should not even have been presented to the jury.Thompkins at 386; Smith at 113.
 {¶ 10} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus, following Jackson v.Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Under this standard, an appellate court does not conduct an exhaustive review of the record, or a comparative weighing of competing evidence, or speculation as to the credibility of any witnesses. Instead, the appellate court presumptively "view[s] the evidence in a light most favorable to the prosecution." Id. "The weight to be given the evidence and the credibility of witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. *Page 4 
 {¶ 11} R.C. 2925.03(A)(2), governing drug trafficking, provides:
 {¶ 12} "(A) No person shall knowingly do any of the following:
 {¶ 13} "***
 {¶ 14} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 15} Wilcox cites State v. Miller, Cuyahoga App. No. 81608, 2003-Ohio-1168, in support of his argument that the evidence was insufficient to convict for drug trafficking. In Miller, the police worked with a confidential informant who arranged a controlled buy of drugs from a suspected drug dealer. Although a drug deal never took place, the suspected dealer and Miller, a passenger in the suspected dealer's car, were stopped by the police after they arrived at the meeting place and had been observed nervously looking around. The police smelled a strong odor of burnt marijuana, and observed, in plain view, rocks of crack cocaine. The police also found more crack cocaine underneath a cup holder in the center console. Miller was convicted of possession of drugs and drug trafficking.
 {¶ 16} On appeal, this court upheld the possession of drugs conviction, but vacated the drug trafficking conviction. This court noted that although Miller's *Page 5 
"behavior may have been indicative of acting as a participant in a sale of controlled substances, it must be remembered that no controlled substance-sale occurred under the facts of this case." Id. at ¶ 24.
 {¶ 17} The State argues that Miller is distinguishable from this case, and State v. Larkins, Cuyahoga App. No. 87421, 2006-Ohio-5736, is on point. In Larkins, the police worked with a confidential informant who arranged a drug sale with a suspected drug dealer. The suspected dealer and Larkins arrived at the meeting place in an SUV which Larkins was driving. The informant, the suspected dealer, and Larkins "huddled" close together. The police recovered crack cocaine from the informant when the meeting was over.
 {¶ 18} This court upheld Larkins' drug possession and trafficking convictions, holding that he "not only facilitated the transaction with his presence, but because he was a party to the transaction, he was also in constructive possession of the narcotics exchanged between the target and informant." Id. at ¶ 19. (But, see, McMonagle, J., dissenting, finding no evidence that the suspected dealer and Larkins arrived together in an SUV driven by Larkins, or that "Larkins' mere presence at the scene demonstrate[d] either that he possessed drugs or that he knowingly sold them to the informant." Id. at ¶ 23, 34.) *Page 6 
 {¶ 19} A key fact makes Larkins distinguishable and this case more on point with Miller: the State failed in this case to prove that a drug sale actually occurred. The State's theory of the case was that Wilcox "aided and abetted" Williams by acting as a "bank" for the alleged drug deal. "Aiding and abetting contains two basic elements: an act on the part of the defendant contributing to the execution of a crime and the intent to aid in its commission." State v. Sims (1983),10 Ohio App.3d 56, 58, 460 N.E.2d 672. Mere presence during the commission of a crime, however, does not constitute aiding and abetting. State v. Peavy, Cuyahoga App. No. 80480, 2002-Ohio-5067, at ¶ 32, citing State v.Jacobs, Hancock App. No. 5-99-17, 1999-Ohio-899.
 {¶ 20} Here, the State failed to present evidence that the illegal act of drug trafficking occurred. Specifically, the unknown male who allegedly purchased drugs from Williams was never apprehended. Further, Woyma testified that he could not hear the conversation that occurred on the basketball court.
 {¶ 21} We are mindful that circumstantial evidence can be used to prove an essential element of a crime. State v. Jenks, at 263-264. Based on this record, however, the circumstantial evidence that Williams trafficked in drugs and Woyma's speculation that Wilcox was acting as a "bank" in the alleged drug deal was too tenuous and, therefore, insufficient to sustain Wilcox's conviction. *Page 7 
 {¶ 22} Accordingly, the first assignment of error is well taken. The remaining assignments of error are moot and we decline to address them. See App. R. 12(A)(1)(c).
Reversed and remanded with instructions to vacate the conviction.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, JUDGE
PATRICIA A. BLACKMON, J., CONCURS;
SEAN C. GALLAGHER, P.J., DISSENTS WITH SEPARATE OPINION